IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER H. SMITH and SHEILA CANTRELL, | |
| Plaintiffs, | Case No. 15 C 5820 |
| v. | Judge Harry D. Leinenweber |
| FIFTH THIRD MORTGAGE COMPANY, | |
| Defendant. | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Fifth Third Mortgage Company's Motion to Dismiss Counts II, III, and V through VII of the Plaintiffs' Complaint [ECF No. 11]. For the reasons stated herein, the Motion is granted.

### I. BACKGROUND

The following facts are drawn from the allegations in the Complaint and the supporting exhibits, which are taken as true for the purposes of deciding this Motion to Dismiss. *Gillman v. Burlington N. R.R. Co.*, 878 F.2d 1020, 1022 (7th Cir. 1989). Plaintiffs executed a Note and Mortgage with Defendant, Fifth Third Mortgage Company, for a property located at 635 East 90th Street in Chicago, Illinois (the "Property"). The mortgage provided: "Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take

reasonable action to protect and preserve such vacant or abandoned property." The Property was owned by Plaintiffs, was fully secured at all times, and Plaintiffs never asked for assistance securing it. Defendant knew the Property was owned and maintained by Plaintiffs and that it was not in need of securing. Nonetheless, Defendant engaged the services of Michael Reese REO Property Preservation ("Reese") as an authorized agent to secure the Property.

On Friday January 31, 2014, Defendant instructed Reese to enter the Property. This instruction was given without any license, direction, or authority from Plaintiffs. The entry of the Property was effectuated by two individuals identified as Donald Haddaway ("Haddaway") and Edward Steed ("Steed"), who were the employees or agents of Defendant. The entry caused substantial damage to the door, door-frame and lock. Plaintiffs were not at the Property when the entry occurred but Plaintiff Smith arrived thereafter and called the Chicago Police Department ("CPD"). CPD detained Haddaway and Steed, who identified themselves as employees of Reese and said they were given instruction by Reese to forcibly enter the Property. They further stated that Reese's instructions had originated from Defendant.

Plaintiffs brought a Complaint against Defendant alleging claims for: (1) breach of contract; (2) breach of fiduciary

duty; (3) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("CFA"); (4) trespass; (5) conversion; (6) invasion of privacy; (7) negligent hiring; and (8) negligent supervision and training.  Defendant has moved to dismiss Counts II, III, and V through VIII the Complaint, arguing that Plaintiffs have failed to state any claims under FED. R. CIV. P. 12(b)(6).  The Court will address each Count in turn.

## II.  LEGAL STANDARD

A motion to dismiss under FED. R. CIV. P. 12(b)(6) requires the Court to analyze the legal sufficiency of the complaint, not the factual merits of the case.  *Autry v. Nw. Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998).  The complaint must do more than recite the elements of a violation; it must plead facts with sufficient particularity so that the right to relief is more than mere conjecture.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

## III.  ANALYSIS

### A.  Breach of Fiduciary Duty — Count II

Plaintiffs' Complaint alleges that Defendant breached its fiduciary duty, through its agent Reese, by forcibly entering the Property and causing damage thereto.  To state a claim of breach of fiduciary duty, Plaintiffs must allege (1) the existence of a fiduciary duty, (2) a breach of that duty, and (3) damages proximately caused by the breach.  *Neade v. Portes,*

739 N.E.2d 496, 502 (Ill. 2000). To establish that Defendant owed Plaintiffs a fiduciary duty, Plaintiffs must allege that the parties were in a fiduciary relationship. *Id.* at 500. Defendant correctly points out, and Plaintiffs do not contest, that in the absence of special circumstances, the relationship between a lender and a borrower does not create fiduciary obligations. *See, Miller v. Am. Nat'l Bank & Trust Co.,* 4 F.3d 518, 520 (7th Cir. 1993); *Paskas v. Illini Federal Savings & Loan,* 440 N.E.2d 194, 198–99 (Ill. App. Ct. 1982). A fiduciary relationship, however, may develop between a borrower and a lender where the borrower is "subject to domination and influence on the part of the [lender]." *Paskas,* 440 N.E.2d at 199. The essence of a fiduciary relationship is that one party is dominated by the other, where the dominant party has accepted the trust of the inferior party. *Pommier v. Peoples Bank Marycrest,* 967 F.2d 1115, 1119 (7th Cir. 1992). Accordingly, to establish the existence of a fiduciary relationship between a borrower and a lender, the borrower must show that she "placed trust and confidence" in the lender, and that the latter "gained influence and superiority" over her. *Id.* In making these determinations, courts look to factors such as "kinship, age disparity, health, mental condition, education, business experience, and the extent of [the party's] reliance" on the dominant party. *Id.*

The allegations in the Complaint are insufficient to show that a fiduciary relationship existed between Plaintiffs and Defendant. Specifically, Plaintiffs do not allege that Defendant exercised "domination and influence" in the negotiation or performance of the mortgage contract. Although Plaintiffs argue that Defendant exerted domination by intruding on the Property despite knowing that it was maintained and secured by Plaintiffs, the Court is not persuaded that this is the type of domination and influence contemplated by courts in creating this exception to the general rule that a lender does not owe fiduciary duties to a borrower. *See, Geimer v. Bank of Am., N.A.*, 784 F.Supp.2d at 932. Nor do Plaintiffs allege that they placed trust and confidence in the Defendant beyond the sort normally associated with this type of transaction, or that Defendant was the dominant party in the agreement. Rather, Plaintiffs merely allege that, pursuant to the agreement, Defendant "had a duty to operate with reasonable care in all matters involving" Plaintiffs. But an implied contractual duty of reasonable care, good faith, or fair dealing has never been held to constitute a fiduciary duty. *Int'l Surplus Lines Ins. Co. v. Fireman's Fund Ins. Co.,* No. 88 C 320, 1989 WL 165045, at *3 (N.D. Ill. Dec. 29, 1989). Therefore, Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

In response to Defendant's Motion to Dismiss, Plaintiffs attempt to argue that even if Defendant owed them no fiduciary duty, the Court should treat this claim as a breach of duty of reasonable care. But an insufficient "complaint may not be amended by the briefs in opposition of a motion to dismiss." *Agnew v. Nat'l Collegiate Athletic Ass'n,* 683 F.3d 328, 348 (7th Cir. 2012) (quoting *Thomason v. Nachtrieb,* 888 F.2d 1202, 1205 (7th Cir. 1989)). Therefore, Count II of Plaintiffs' Complaint is dismissed.

### B. Violation of the CFA – Count III

Plaintiffs allege that Defendant's actions violated the CFA. To state a claim under the CFA, Plaintiffs must allege that Defendant engaged in a deceptive or unfair act or practice during a course of conduct involving trade or commerce that was intended to induce Plaintiffs' reliance. 815 ILCS 505/2. Plaintiffs must also show actual damage proximately caused by the deceptive act. *Id.* This framework is articulated in terms of "deceptive" acts and practices, but it applies equally to allegations of "unfair" acts and practices. *Philadelphia Indem. Ins. Co. v. Chicago Title Ins. Co.,* 771 F.3d 391, 402 (7th Cir. 2014).

Plaintiffs argue that Defendant was deceptive when it "created the impression that it would abide by the terms and conditions of the agreement between the parties" but then

violated the agreement and forcibly entered the Property without Plaintiffs' authorization. Regardless of whether the Court assesses Count III as claim of "deceptive" or "unfair" practices, the allegation amounts to nothing more than a breach of contract claim. "A breach of contractual promise, without more, is not actionable under the Consumer Fraud Act." *Philadelphia Indem.*, 771 F.3d at 402; *accord, Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 844 (Ill. 2005). Plaintiffs have not alleged any facts to show that Defendant's actions amounted to more than a failure to fulfill its contractual obligations. Accordingly, Plaintiffs have failed to state a claim under the CFA.

### C. Conversion – Count V

Plaintiffs allege that Defendant committed the tort of conversion when it "seized possession and control of the premises" "to the exclusion and detriment" of Plaintiffs and caused damage to the Property. To state a claim for conversion under Illinois law, Plaintiffs must allege: (1) unauthorized and wrongful control, dominion, or ownership by Defendant over Plaintiffs' property; (2) Plaintiffs' right in the property; (3) Plaintiffs' absolute and unconditional right to the immediate possession of the property; and (4) a demand for possession of the property. *Loman v. Freeman*, 890 N.E.2d 446, 461 (Ill. 2008). But real property, which is what Plaintiffs allege was

converted, cannot be the subject of a conversion claim. *See, In re Thebus,* 483 N.E.2d 1258, 1260-61 (Ill. 1985); Restatement (Second) of Torts § 222A ("Conversion is an intentional exercise of dominion or control *over a chattel*. . . .") (emphasis added). It is of no consequence that Plaintiffs allege that damage occurred to the door-frame of the Property, because their conversion claim centers on Defendant exerting unauthorized control over "the premises," or the Property itself. Therefore, Plaintiffs have failed to state an actionable claim for conversion.

### D. Invasion of Privacy – Count VI

There are four separate torts based on an invasion of privacy: (1) intrusion upon seclusion of another; (2) appropriation of a name or likeness of another; (3) publication given to private life; and (4) publicity placing another person in false light. *See, e.g., Lawlor v. North Am. Corp. of Ill.,* 983 N.E.2d 414, 424 (Ill. 2012). Of these, only intrusion upon seclusion could arguably apply to the allegations in Count VI of Plaintiffs' Complaint. To make out a claim for intrusion upon seclusion, Plaintiffs must show that: (1) Defendant committed an unauthorized intrusion into Plaintiffs' seclusion; (2) the intrusion would be highly offensive to a reasonable person; (3) the matter intruded on was private; and (4) the intrusion caused Plaintiff anguish and suffering. *Busse v. Motorola, Inc.,* 813

N.E.2d 1013, 1017 (Ill. App. Ct. 2004). The third element of the tort, often referred to as "private facts," predicates the other three. Without private facts, the other three elements of the tort need not be reached. *Id.* Private facts are facially embarrassing and highly offensive if disclosed. *Cooney v. Chicago Pub. Sch.*, 943 N.E.2d 23, 32 (Ill. App. Ct. 2010).

Defendant argues that Plaintiffs' claim for intrusion upon seclusion fails because they have not alleged that Defendant intruded on any matters, private or otherwise. Specifically, Defendant contends that although Plaintiffs satisfy the first element of the tort by claiming that Defendant entered the Property without permission, they have failed to make any claim that Defendant discovered private facts once inside. The Court agrees. An intrusion on personal space does not automatically equate to an intrusion on personal matters. Plaintiffs have failed to allege that Defendant's intrusion led to the unauthorized disclosure of *any* information, let alone information that rises to the level of private facts. Therefore, Plaintiffs have failed to state a viable claim of intrusion upon seclusion.

### E. Negligent Hiring – Count VII

Count VII of the Complaint contains an allegation that Defendant was negligent in hiring Reese. To plead successfully a cause of action for negligent hiring, Plaintiffs must

establish that: (1) Defendant knew or should have known that the employee had a particular unfitness for the position so as to create a danger of harm to third persons; (2) such particular unfitness was known or should have been known at the time of the employee's hiring; and (3) the particular unfitness proximately caused the Plaintiffs' injury. *Helfers-Beitz v. Degelman*, 939 N.E.2d 1087, 1091 (Ill. App. Ct. 2010).

Plaintiffs' Complaint is insufficient because it merely recites the elements of a negligent hiring claim without including any supporting facts. *Twombly,* 550 U.S. at 555-56 (To survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than "a formulaic recitation of the elements of a cause of action."). Plaintiffs have failed to identify Reese's "particular unfitness" for the position, or explain how that unfitness created a danger of harm to third persons, or allege facts showing that Defendant knew or should have known of this particular unfitness at the time it hired Reese. Therefore, Plaintiffs have failed to adequately state a claim for negligent hiring.

**F. Negligent Supervision or Training – Count VIII**

Plaintiffs also allege that Defendant was negligent in its supervision and training of Reese. As in any claim for negligence, Plaintiffs must establish the existence of a duty, a breach of the duty, and an injury that was proximately caused by

the breach. *Vancura v. Katris,* 939 N.E.2d 328, 343 (Ill. 2010). But to properly state a claim of negligent supervision, Plaintiffs must also allege that the Defendant, as the employer, knew or should have known its employees behaved in a dangerous or otherwise incompetent manner and that despite having this knowledge, Defendant failed to supervise the employee adequately or take other action to prevent the injury from occurring. *Van Horne v. Muller,* 705 N.E.2d 898, 904 (Ill. 1998). Ordinarily, an occurrence on the date of the incident is insufficient to show an employer knew or should have known of the alleged dangerous behavior before the incident occurred. *Reynolds v. Jimmy John's Enterprises, LLC,* 988 N.E.2d 984, 999 (Ill. App. Ct. 2013).

Plaintiffs have failed to state properly a negligent supervision claim because they have not alleged any facts suggesting that Reese engaged in incompetent or dangerous behavior prior to the incident in question, or that Defendant knew or should have known of this behavior if it did occur. Instead, the Complaint simply restates the elements of the offense without any factual support for the allegations. Therefore, Plaintiffs' negligent supervision claim is dismissed.

## IV.  CONCLUSION

For reasons stated herein, Defendant's Motion to Dismiss [ECF No. 11] is granted.  Counts II, III, and V through VIII of

the Complaint are dismissed without prejudice for fourteen (14) days.  If Plaintiffs do not seek leave to amend the Complaint within this timeframe, this dismissal will convert into a dismissal with prejudice.

**IT IS SO ORDERED.**

                                Harry D. Leinenweber, Judge
                                United States District Court

Dated: October 19, 2015